**Robert L. BREIDENSTEIN, Plaintiff,**

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. CIV–82–942C.**

United States District Court, W.D. New York.

June 13, 1984.

Godinho & Hargesheimer, Buffalo, N.Y. (Douglas F. Godinho, Buffalo, N.Y., of counsel), for plaintiff.

Salvatore R. Martoche, U.S. Atty., Buffalo, N.Y. (Sonia C. Jaipaul, Asst. U.S. Atty., Buffalo, N.Y., of counsel), for defendant.

CURTIN, Chief Judge.

### I.

This is an action brought pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health and Human Services [Secretary], which denied the plaintiff's application for a period of disability insurance benefits.

Plaintiff Robert L. Breidenstein applied for disability insurance benefits on January 14, 1981, claiming eligibility for benefits due to asthma. The application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge [ALJ] was held on August 6, 1981. Mr. Breidenstein appeared *pro se*. On October 6, 1981, the ALJ issued a decision and found that the plaintiff was not disabled. Plaintiff then engaged the services of attorney Douglas F. Godinho.

Counsel made a written request to the Appeals Council for review of the ALJ's decision. In this request, important procedural irregularities were noted, which counsel argued, deprived the plaintiff of a fair hearing [Record at 28–30]. Plaintiff and his wife had testified at the hearing. After the hearing but before issuing his decision, the ALJ sent medical exhibits and written

interrogatories to a vocational expert [Record at 208–211]. None of this material was sent to the plaintiff, nor did the plaintiff receive a copy of the expert's answers. Moreover, the plaintiff was unable to make his own inquiry of the expert. For the reasons stated in Mr. Godinho's letter, the Appeals Council vacated the hearing decision and remanded the case "to an administrative law judge for further proceedings, including a new decision." [Record at 26.] [1]

The remand order also instructed the ALJ to provide the plaintiff and his attorney with all of the documents entered into the record after the August, 1981, hearing. Plaintiff and counsel were also to be given the opportunity to comment upon these items. Such comments were to be taken into account before a new decision was reached. The remand order was dated February 16, 1982. The case's history after that date is brief, but its peculiarities are many.

The ALJ who conducted the hearing in August, 1981, sent plaintiff's attorney a short letter six days after the date of the Appeals Council's remand order. Counsel was informed that he could send in "additional medical evidence" within 20 days [Record at 24]. No enclosures accompanied this letter. The exhibits that had been made part of the record after the hearing were not sent.

On February 24, 1982, counsel made a written request to the Administrative Law Judge in Charge that the case be assigned to an ALJ other than the one who had presided at the hearing. On March 4, the Administrative Law Judge in Charge replied that he did not have the authority to grant this request. Counsel responded to this on March 16 with a three-page letter, arguing that there was authority to assign the case to another ALJ. Counsel sent a copy of this letter to the ALJ to whom the case was still assigned. The letter included a request that the ALJ disqualify himself

[Record at 20–22]. Neither the plaintiff nor his attorney received a response to this letter.

It was not until April 13, 1982, that counsel received a copy of the interrogatories completed by the vocational expert after the hearing. In the cover letter, counsel was advised by the ALJ that "additional comments" and medical evidence could be submitted within 10 days [Record at 19].

On April 23, counsel wrote to the ALJ and explained what he regarded as the futility of making "additional comments" upon the vocational expert's answers to the interrogatories. Counsel explained that he had not represented the plaintiff at the hearing and that he had not been provided with a transcript of the hearing testimony. Moreover, he had not seen the medical exhibits in the file. Consequently, intelligent commentary upon the interrogatories would be impossible [Record at 17].

Counsel at this time also stated his belief that the Appeals Council's remand order required the ALJ to hold a new hearing and that this was why he wanted the case assigned to a different ALJ. It is clear that counsel did not regard the March 4 letter from the ALJ in charge as a specific ruling upon his request that the case be reassigned. This is indicated by counsel's statement in his letter of April 23 that "I would like a specific ruling on my request [made in the letter of March 16]." The letter ended with several other requests. The first was that the ALJ advise counsel as to how to proceed upon remand; *i.e.,* whether a hearing would be held. Additionally, counsel requested a reasonable amount of time to review the file, copy exhibits contained therein, collect more medical evidence, and have the vocational evidence reviewed by an expert other than the one who had answered the post-hearing interrogatories.

Plaintiff's attorney did not receive a reply to his letter of April 23. Instead, on May 24, 1982, the ALJ issued a second

**1.** Counsel later noted that the remand was to "*an* administrative law judge" rather than to a    particular ALJ.

decision, finding that plaintiff was not disabled. The 7½ page decision was identical to the one issued on October 6, 1981, except for one insignificant sentence at the beginning of the opinion. The Appeals Council approved this decision in August, 1982.

## II.

■ The court believes that the irregular and confused occurrences detailed above resulted in depriving Mr. Breidenstein of the fair proceedings to which he was entitled by law. Initially, it should be noted that the plaintiff was not represented by counsel at the hearing. The United States Court of Appeals for the Second Circuit has repeatedly emphasized that an ALJ has an affirmative duty to ensure that *pro se* claimants receive fair hearings. *Robinson v. Secretary· of Health and Human Services,* 733 F.2d 255 (2d Cir.1984); *Bluvband v. Heckler,* 730 F.2d 886 (2d Cir.1984); *Lopez v. Secretary of Health and Human Services,* 728 F.2d 148 (2d Cir.1984); *Cullinane v. Secretary of Health and Human Services,* 728 F.2d 137 (2d Cir.1984). The ALJ in the present case may well have acted in good faith when he enhanced the record after the hearing by having a vocational expert answer written interrogatories. However, the claimant was not involved in this process. The ALJ did not notify Mr. Breidenstein of this procedure; he was not given the opportunity to submit his own questions, and he was not advised of or provided with the opportunity to rebut the experts' testimony with testimony of an expert of his own choosing. The duty of ensuring that a *pro se* claimant be accorded a fair hearing cannot be fulfilled by developing and considering evidence of which the claimant has no knowledge and to which he cannot respond.

■ The Appeals Council recognized the defect of the proceedings when it vacated the ALJ's original decision.[2] However, the actions taken after the order of the Appeals Council was marked by considerable confusion and misunderstanding between the

ALJ and the attorney whose services the plaintiff had recently obtained. For example, the Appeals Council's remand order did not expressly state that a new hearing was required. However, that possibility was left open by its statement that the ALJ "may take any additional action not inconsistent with this order." [Record at 26.] Counsel was evidently overly optimistic in his apparent belief that the remand order and his requests that the case be reassigned were clear indications that a second hearing was both required and desired. However, in his letter dated April 23, 1982, counsel's position was clearly stated, and the ALJ should have recognized that counsel was awaiting a clearer signal as to how the proceedings would continue. A reply to counsel's letter should have been forthcoming, but a decision was issued instead. Thus, a decision was issued while the claimant and his attorney were awaiting an indication as to whether the case would be reassigned for the purpose of holding a new hearing. This alone indicates that the actions taken after the remand order were insufficient to cure the defect noted by the Appeals Council.

The plaintiff is also correct in stating that it would be futile to comment upon the answers given by the vocational expert without having the medical exhibits and other material before him. The Appeals Council's remand order expressly stated that plaintiff's attorney could comment upon the interrogatories, but the ALJ did not provide him with the materials necessary to do so. The opportunity for curing the defective record was thus lost, and the plaintiff was not accorded the fair hearing to which he was entitled.

## *Conclusion*

This case must be remanded to the Secretary for the reasons stated herein. In view of the time that has elapsed and the many peculiarities of this unusual case, the court directs that the case be assigned to a different Administrative Law Judge and that

---

**2.** The Appeals Council stated that the claimant was "deprived of due process" because he was

not informed about the new evidence entered into the record [Record at 26].

another hearing be held. There has been unnecessary delay caused by the actions of the ALJ. Certainly, the new hearing shall be held as soon as possible.

So ordered.